J-S31018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEBRA K. YOWELL, PERSONAL REPRESENTATIVE FOR THE ESTATE OF RALPH G. YOWELL, JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 3018 EDA 2017 |
| NORFOLK SOUTHERN RAILWAY COMPANY | : | |

Appeal from the Order Dated August 2, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  March Term, 2017 No. 001277

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 12, 2018**

Debra K. Yowell ("Yowell"), in her capacity as personal representative for the Estate of Ralph G. Yowell, Jr., Deceased ("Decedent"), appeals from the order entered in the Court of Common Pleas of Philadelphia County, sustaining preliminary objections filed by Appellee Norfolk Southern Railway Company ("Norfolk") and dismissing her complaint with prejudice.  Upon careful review, we affirm.

On March 14, 2017, Yowell, a resident of the State of Illinois, filed a wrongful death complaint pursuant to the Federal Employers Liability Act ("FELA") against Norfolk, a Virginia corporation with its headquarters in that Commonwealth, in the Court of Common Pleas of Philadelphia County.  The complaint alleged that Decedent, Yowell's late husband, developed multiple

myeloma as a result of exposure to excessive and harmful amounts of chemicals and cancer-causing substances during the course of his employment with Norfolk. Yowell alleged that Decedent endured pain and suffering and, ultimately, died due to negligence on the part of Norfolk in exposing Decedent to such materials.

On May 1, 2017, Norfolk filed preliminary objections to Yowell's complaint in which it alleged, *inter alia*, that Yowell had failed to establish personal jurisdiction over Norfolk. Specifically, Norfolk argued that Yowell failed to allege facts demonstrating that: (1) the controversy arose out of or was related to Norfolk's contacts with Pennsylvania such that specific personal jurisdiction existed; or (2) Norfolk's contacts with Pennsylvania satisfied due process requirements for general personal jurisdiction in Pennsylvania.

On May 22, 2017, Yowell filed a response to Norfolk's preliminary objections, asserting that: (1) section 56 of FELA grants the courts of Pennsylvania jurisdiction over FELA claims; (2) Norfolk does substantial business in the Commonwealth, thus subjecting it to personal jurisdiction; and (3) Norfolk consented to personal jurisdiction in Pennsylvania by registering to do business as a foreign corporation. Norfolk responded to Yowell's answer to preliminary objections on May 30, 2017.

On August 2, 2017, following oral argument, the trial court granted Norfolk's preliminary objections and dismissed Yowell's complaint with prejudice. In doing so, the trial court held that: (1) section 56 of FELA does not grant Pennsylvania state courts personal jurisdiction over Norfolk; (2)

Yowell proved neither specific nor general *in personam* jurisdiction over Norforlk; and (3) Yowell waived her argument regarding Norfolk's alleged consent to jurisdiction for lack of analysis or citation to legal authority. Yowell filed a timely notice of appeal to this Court. The trial court, which did not order Yowell to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, filed its opinion on December 28, 2017. Yowell raises the following issue for our review:

> Whether the trial court made an error of law in sustaining [Norfolk's] [p]reliminary [o]bjections and dismissing with prejudice [Yowell's] FELA wrongful death action based on lack of personal jurisdiction[?]

Brief of Appellant, at 4.

Our standard and scope of review of a trial court's decision to sustain preliminary objections are well settled:

> Our standard of review mandates that on an appeal from an order sustaining preliminary objections which would result in the dismissal of suit, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. [] Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review for merit and correctness—that is to say, for an abuse of discretion or an error of law. This case was dismissed at the preliminary objections stage on issues of law; our scope of review is thus plenary.

*McCabe v. Marywood Univ.*, 166 A.3d 1257, 1261 (Pa. Super. 2017), quoting *Reardon v. Allegheny Coll.*, 926 A.2d 477, 480 (Pa. Super. 2007).

On appeal, Yowell asserts that Norfolk, by registering in Pennsylvania as a foreign corporation, consented to general personal jurisdiction under the Commonwealth's long-arm statute. In its opinion in support of the order granting Norfolk's preliminary objections, the trial court concluded that Yowell waived the issue of jurisdiction by consent, finding that Yowell's one sentence argument was "wholly devoid of analysis or citation to legal authority for support."[1] Trial Court Opinion, 12/28/17, at 6. Accordingly, the court did not address this claim. On review, we concur with the trial court's finding of waiver and, consequently, find her sole appellate argument waived.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Failure to cite authority in support of a claim results in waiver of that argument, *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008), and it is axiomatic that courts will not develop arguments on behalf of a litigant. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa. Super. 2007).

Here, Yowell's entire jurisdiction-by-consent argument before the trial court consisted of the following conclusory statement: "Norfolk Southern has already consented to jurisdiction in Pennsylvania based upon its registering to do business in Pennsylvania as of September 1, 1998, Exhibit 5." Yowell's Trial Court Brief, 5/22/07, at 6. Yowell presented no argument or citation to

---

[1] We note that Yowell did not address the trial court's finding of waiver in her appellate brief.

authority in support of this claim. In particular, Yowell entirely failed to cite that portion of Pennsylvania's long-arm statute on which her consent claim is necessarily based.[2] Instead, and only in conjunction with an unrelated argument, Yowell cited 42 Pa.C.S.A. § 5322, which governs *specific* personal jurisdiction and was inapposite *even to the argument for which it was cited*.[3]

_____

[2] Section 5301 of Pennsylvania's Long-Arm Statute authorizes Pennsylvania courts to exercise personal jurisdiction over out-of-state defendants based upon a defendant's general activities within the Commonwealth, in relevant part, as follows:

> (a) General rule.--The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
>
> . . .
>
> (2) Corporations.--
>
> > (i) **Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth**.
> >
> > (ii) Consent, to the extent authorized by the consent.
> >
> > (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.
>
> . . .

42 Pa.C.S.A. § 5301(a)(2) (emphasis added).

[3] Under the long-arm statute, Pennsylvania courts may exercise over non-resident defendants either specific personal jurisdiction, which is based upon the defendant's specific activities within the forum state giving rise to the particular cause of action, or general personal jurisdiction, which is based upon

Additionally, Yowell did not mention, much less discuss or apply, the recent decisions of the United States Supreme Court in ***Goodyear Dunlop Tires Operations, S.A. v. Brown***, 564 U.S. 915 (2011), and ***Daimler AG v. Bauman***, 571 U.S. 117 (2014), which significantly altered our nation's personal jurisdiction jurisprudence.[4]   A discussion of the due process limitations on *in personam* jurisdiction imposed by those cases would have been crucial to any argument either for or against a finding of jurisdiction by consent.

Because Yowell utterly failed to present the trial court with any analysis whatsoever regarding her jurisdiction-by-consent claim, the court was well within its discretion to deem that claim waived.  Consequently, we must also deem it waived for purposes of appeal, as she failed to properly preserve it in the trial court.  Pa.R.A.P. 302(a).  Because it is the sole claim pursued on

---

the defendant's general activity within the forum.  ***See Hall-Woolford Tank Co., Inc. v. R.F. Kilns, Inc.***, 698 A.2d 80, 82 (Pa. Super. 1997).  An argument alleging consent through registration as a foreign association implicates section 5301, the portion of the statute governing general jurisdiction.

[4] ***Goodyear*** and ***Daimler*** clarified that a court may assert general jurisdiction over foreign corporations only when their affiliations with the state are "so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." ***BNSF Ry. Co. v. Tyrrell***, 137 S.Ct. 1549, 1558 (2017).

appeal, we affirm the trial court's order sustaining Norfolk's preliminary objections and dismissing Yowell's complaint.[5]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/18

_____

[5] We would also note that Yowell's complaint did not contain an averment that Norfolk was a foreign corporation registered to do business in the Commonwealth of Pennsylvania, which is the factual foundation of her jurisdiction-by-consent claim. Our appellate review of an order granting preliminary objections requires that we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. **McCabe**, **supra**. Because Yowell's complaint sets forth no facts which could support a conclusion that Norfolk consented to jurisdiction in Pennsylvania by registering as a foreign corporation, we could affirm the court's order on that alternative basis.